## THE PEOPLE *v.* COLÓN.

### APPEAL from the District Court of Humacao.

No. 362.—Decided October 19, 1911.

CRIMINAL LAW—PERJURY—BRIEF OF APPELLANT—ASSIGNMENT OF ERRORS.—No brief having been filed by the appellant and therefore the assignment of errors required by rule 42 of this court not being set forth, only the fundamental errors appearing in the record can be considered.

ID.—PERJURY—EVIDENCE OF WHICH OF TWO DECLARATIONS IS THE TRUE ONE.— When it is alleged in the information in an indirect manner that of the two contradictory declarations made by the defendant the one made in the municipal court was true and the one in the district court false, the error alleged by the appellant, that at the trial it was not proven which of the two was true, does not exist.

ID.—PERJURY—FALSE TESTIMONY GIVEN KNOWINGLY AND MALICIOUSLY.—When a defendant testifies twice in open contradiction and in his last testimony

he tries to exonerate a brother whom he accused in the first, this is a sufficient ground for the jury to infer that the false testimony was given knowingly and maliciously.

ID.—OATHS ADMINISTERED BY DEPUTY SECRETARY.—Deputy secretaries of district courts appointed by their superiors are authorized by law to administer oaths.

The facts are stated in the opinion.

Mr. *Arturo Aponte, Jr.,* for appellant.

Mr. *Jesús M. Rossy,* prosecuting attorney, for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Eladio Colón, after a trial by jury in the District Court of Humacao, was convicted of perjury and sentenced to the penitentiary for two years. He appealed to this court but made no appearance at the hearing and presented no brief. The appeal is taken not only from the judgment, but also from the order refusing to suspend the sentence. As no brief was filed there is no assignment of errors and, following the provisions of rule 41 of this court, only fundamental errors should be noticed. We do not find that any fundamental error was committed by the court below. Ample instructions were given by the judge and no exceptions were taken to them at the trial. In the motion for a new trial, however, the appellant raised several matters which have been noticed by the *fiscal* in his brief. The first point of error was that whereas the defendant was charged with having testified differently in the district court from the testimony given in the municipal court, yet at the trial it was not shown which of the two versions was true. The exposition of the case shows that in the municipal court evidence was given by the defendant which tended to show that his brother, Luis Colón, had been guilty of mayhem, inasmuch as he attacked the prosecuting witness therein with some sharp instrument; while in the district court he told a story completely at variance with the testimony given in such municipal court tending to exonerate rather than blame his said brother. The information sets up, although rather indirectly, that the testimony given in the municipal court was true and that the

testimony given in the district court was false. The second point was that it was not shown at the trial for perjury that the defendant maliciously and knowingly gave false testimony on a material point. Testimony which completely contradicts the previous story, and which would have a tendency to exonerate the brother where previous testimony tended to prove such a brother guilty, would give a jury the right to infer that the false swearing was done knowingly and maliciously. And that such testimony was material is self-evident. The appellant also raised the point that the sub-secretary of the district court was not duly authorized to take oath. Sub-secretaries, who may be appointed by their chiefs, are also authorized to take oaths. Law of March 8, 1904, section 2, p. 151; law of March 10, 1904, section 2, p. 118; and law of March 9, 1910, section 1, p. 77.

The judgment must be affirmed.

*Affirmed.*

Justices MacLeary, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández did not take part in the decision of this case.